

217 Broadway, Suite 606
New York, NY 10007

T: 212.742.2700
F: 212.742.2707

www.langsamlaw.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/12/2021

July 9, 2021

**VIA ECF**

Honorable Analisa Torres
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY10007

*Re: Emely F. Perez v. School of Visual Arts; Case No. 1:21-cv-02105*

Dear Judge Torres,

      As counsel for Plaintiff Emely F. Perez, we write jointly with counsel for Defendant School of Visual Arts, on behalf of both parties (the "Parties"), to respectfully request that the Court stay this action for 45 days, a period extending from July 9, 2021 through August 23, 2021.

      In an effort to resolve this litigation, the Parties have agreed to engage the services of a mediator and have scheduled a JAMS mediation with Ret. Magistrate Judge Frank Maas, on August 11, 2021. The Parties believe that their attempt to resolve this matter would best be served by adjourning the deadlines in the Case Management Plan and Scheduling Order so that the Parties can focus their attention on early resolution. The Parties agree to notify the Court promptly—by no later than August 15, 2021—as to whether the mediation was successful.

      "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants." *LaSala v. Needham & Co., Inc.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163 (1936)); 13B Charles A. Wright, et al., Federal Practice & Procedure § 3533.2 (2009) ("[A] court may stay proceedings if the parties are working toward settlement…".). In determining whether to grant a motion to stay, the Court considers factors including: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996).

In this case, all factors counsel in favor of the Parties' joint motion. A stay will serve the interests of both Defendant and Plaintiff by reducing the costs and burden of litigation, and conserve the Court's time and resources. In addition, no other parties would be negatively impacted by the stay.

We note that there have been no previous requests for adjournment, and that both Parties consent to this request.

We very much appreciate the Court's consideration of this application.

Respectfully Submitted,

/s Elise Hagouel Langsam
Elise Hagouel Langsam
Jennifer Siegel
Langsam Law LLP
217 Broadway, Suite 606
New York, NY 10007
*Counsel for Plaintiff*

By: /s Edna D. Guerrasio
Edna D. Guerrasio
Eleven Times Square
New York, New York 10036
212.969.3000
*Counsel for Defendant*

GRANTED. By **August 15, 2021**, the parties shall submit a joint letter regarding the status of mediation.

SO ORDERED.

Dated: July 12, 2021
      New York, New York

_____
ANALISA TORRES
United States District Judge